IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

IN THE MATTER OF:

Inspection of workplace
located at and near

Case No. 6:24-sw-2219-DPR

512 W 4th St.
Lockwood, Missouri 65682

under the control or custody of

COOSE TRAILER MANUFACTURING CO., INC.

## APPLICATION FOR ADMINISTRATIVE SEARCH WARRANT UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

I, Karena T. Lorek, Area Director of the Kansas City Area Office, Occupational Safety and Health Administration, United States Department of Labor, hereby apply for an administrative search warrant, pursuant to section 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, 657(a), hereinafter referred to as the OSH Act, for the inspection, investigation, and search of the workplace located at 512 W 4th St., Lockwood, Missouri 65682, described as the workplace where Coose Trailer Manufacturing Co., Inc. ("Coose Trailer") is believed to be engaged in truck trailer manufacturing, which has a NAICS code of 336212.

1. This workplace is the place of occupation of employees who are employed by Coose Trailer. The business address of Coose Trailer is 512 W 4th St., Lockwood, Missouri 65682.

2. The authority for issuance of the administrative search warrant is section 8(a) of the OSH Act and <u>Marshall v. Barlow's, Inc.</u>, 436 U.S. 307, 98 S.Ct. 1816 (1978).

1

3. Sections 8(a)(1) and 8(a)(2) of the OSH Act specifically authorize the Secretary of Labor to make inspections and investigations of any factory, plant, establishment, construction site, or other area, workplace, or environment where work is performed by an employee of an employer. Sections 8(a)(1) and 8(a)(2) are implemented in part by Chapter 9 of the Field Operations Manual (FOM), CPL 02-00-164 (hereinafter "CPL 02-00-164"), attached hereto as Exhibit A and incorporated herein.

4. The warrant sought hereby is based on a non-formal complaint made to the Kansas City Area Office of the Occupational Safety and Health Administration ("OSHA") that said complainant believes safety or health hazards exist in the workplace. Following receipt of a non-formal complaint, an inspection is warranted if at least one of the conditions in paragraph I.C., Criteria Warranting an Inspection, is met. Ex. A, CPL 02-00-164, para. I.C. In this case, an inspection is warranted because the information provided by the complainant alleges that an imminent danger situation, a violation of the OSH Act, or of an OSHA standard exists, which exposes employees to a potential serious physical or health hazard in the workplace. Ex. A, CPL 02-00-164, para. I.C.3. Additionally, an inspection is warranted because the information provided by the complaint concerns an establishment and alleged hazards covered by national and regional emphasis programs. Ex. A, CPL 02-00-164, para. I.C.4.

5. The warrant sought hereby is based upon the following facts and circumstances: On October 8, 2024, OSHA received a message via its electronic complaint system. The complainant was reduced to writing and is attached hereto, <u>See</u> Non-Formal Complaint, attached hereto as Exhibit B and incorporated herein..[1] That same day, an OSHA employee contacted the complainant by phone to gather additional information on the items listed in the electronic

---

[1] Said complaint has been purged of matters that might reveal the complainant's identity as they have requested pursuant to section 8(f)(1) of the OSH Act, 29 U.S.C. § 657(f)(1).

submission. I have evaluated the conditions alleged in the complaint and based on this evaluation have determined that there are reasonable grounds to believe employees are exposed to the following hazardous conditions and potential violations of the OSH Act:

| Complaint Item | Potential Violation/Hazard | Applicable Section of the OSH Act/Standard |
|---|---|---|
| 1 | The bathrooms are in an unsanitary condition and are not being maintained and cleaned. | 29 C.F.R. § 1910.141 |
| 2 | Tires on pallets, with 20 per pallet and the tires are stacked and not secured where they have fallen on employees. | 29 C.F.R. § 1910.176 |
| 3 | The piranha ironworker machine is leaking hydraulic fluid. | 29 C.F.R. § 1910.22 |
| 4 | A 220 V cord for the welder machines with electrical tape that could cause electrical shock. | 29 C.F.R. § 1910.302 |
| 5 | Personal protective equipment is not worn by employees during their daily work activities. Safety glasses are purchased by employees. | 29 C.F.R. §§ 1910.132, 1910.133 |
| 6 | Employees are working around heavy steel and are not required to wear steel toe shoes or metatarsal. | 29 C.F.R. § 1910.132 |
| 7 | The press brake is missing a guard and exposing workers to amputation hazards. | 29 C.F.R. § 1910.212 |
| 8 | There are no inspections that are being performed for powered industrial trucks (forklifts). | 29 C.F.R. § 1910.178 |
| 9 | Employees are not trained or certified to operate powered industrial trucks. | 29 C.F.R. § 1910.178 |
| 10 | The ventilation in paint booth is not being maintained and there is overspray in the paint booths. | 29 C.F.R. § 1910.107 |
| 11 | Employee wearing respiratory protection was provided supplied air from an air handling unit. There is no fit testing or medical evaluation. | 29 C.F.R. § 1910.134 |

6. Additionally, the hazardous conditions and potential violations brought forth by the complainant are covered by a national emphasis program ("NEP") and regional emphasis programs ("REP"). Potential exposures to amputation hazards that could result in injury at certain manufacturing establishments, including truck trailer manufacturing establishments (NAICS code 336212), fall under the NEP on Amputations in Manufacturing Industries, CPL 03-00-022 (attached hereto as Exhibit C and incorporated herein) and "must be handled by an inspection". Ex. C, CPL 03-00-022, para. X.A., app. B. Potential exposures to health hazards in certain manufacturing and service industries, including the truck trailer manufacturing industry (NAICS code 336212), fall under the REP on Top 50 Workplace - Health Hazard, CPL 2-21-001 (attached hereto as Exhibit D and incorporated herein). Ex. D, CPL 2-21-001, para. IX.A., app. A. Potential hazards associated with the operation of material handling or personnel handling motorized equipment in all general industry establishments, including truck trailer manufacturing establishments, fall under the REP for Powered Industrial Trucks and Other Material or Personnel Handling Motorized Equipment in Construction, General Industry, and Maritime, KCM-CPL-04-00-003 (attached hereto as Exhibit E and incorporated herein). Ex. E, KCM-CPL-04-00-003, para. XI.B.1.

7. Because the complaint met more than one of the criteria of Section I.C of CPL 02-00-164 (i.e., the complaint alleged violations of the OSH Act and its implementing regulations and the establishment and hazards alleged were covered by at least two REPs and one NEP), "the Area Office [wa]s authorized to conduct an inspection." Ex. A, CPL 02-00-164, para. I.H.3.

8. The Kansas City Area Office of OSHA was denied consent to conduct an inspection of Coose Trailer on October 16, 2024. The morning of October 16, at approximately 10:50 a.m., OSHA Compliance Officers Joel Bruner and Leona Stockey visited the Coose Trailer workplace

to conduct an inspection. Compliance Officers Bruner and Stockey presented their credentials at the workplace and initiated an opening conference with Shawn Watson, who is believed to be the owner of Coose Trailer. During the opening conference, at approximately 11:30 a.m., Watson stated he did not want to deal with an OSHA inspection at that time, refused to permit an inspection of the workplace, and requested the compliance officers return with a warrant. Watson's refusal to allow an inspection of the workplace was considered a denial of entry.

9. It is requested that the warrant authorize the inspection and investigation of the conditions set forth above in paragraph 5 and alleged in the complaint (see Ex. B), which relate to potential exposures to amputation hazards, health hazards, and hazards from the operation of material handling or personnel handling motorized equipment. This inspection will involve the inspection procedures outlined in the NEP on Amputations in Manufacturing Industries (see Ex. C, CPL-03-00-022, para. X), the REP for Top 50 Workplace – Health Hazard (see Ex. D, CPL 2-21-001, para. IX), and the REP for Powered Industrial Trucks and Other Material or Personnel Handling Motorized Equipment in Construction, General Industry, and Maritime (see Ex. E, KCM-CPL-04-00-003, para. XI). Further, the inspection will include relevant records, files and papers, and any hazards observed in plain view. The inspection will be conducted during regular working hours or at other reasonable times, within reasonable limits, and in a reasonable manner, including access to employees for voluntary questions in a private setting, and the taking of photographs, videotapes, environmental samples (including the use of personal sampling equipment), and measurements when necessary. The compliance officer's credentials will be presented, and the inspection will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

10. Any information, including videotapes, photographs, and environmental samples, obtained in connection with the inspection and that is designated to be a trade secret, as defined in 18 U.S.C. § 1905, shall be considered confidential as provided in section 15 of the OSH Act, 29 U.S.C. § 664.

I declare under penalty of perjury that the foregoing is true and correct.

*Karena T Lorek* (Digitally signed by Karena T Lorek)

Karena T. Lorek
Area Director
Kansas City Area Office
Occupational Safety and Health Administration
United States Department of Labor

Executed on November 7, 2024.

Subscribed and sworn to before me in my presence via telephone, or by other electronic means, on this 7th day of November, 2024.

_____
Honorable Willie J. Epps, Jr.
Chief United States Magistrate Judge

6

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

 /s/ Megan J. McGinnis
Megan J. McGinnis
Senior Trial Attorney
KS Bar No. 24618

2300 Main Street, Suite 10100
Kansas City, MO 64108
(816) 285-7276
mcginnis.megan.j@dol.gov

*Attorneys for Acting Secretary of Labor Julie A. Su*
*United States Department of Labor*